# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GLAVESTON DIVISION

| | |
|---|---|
| KATHY MORENO, Individually and on Behalf of Others Similarly Situated, | Case No. 3:22-cv-00353 |
| v. | Jury Trial Demanded |
| UNIVERSALPEGASUS INTERNATIONAL, INC. and UNIVERSAL ENSCO, INC. | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Plaintiff Kathy Moreno (Moreno) brings this lawsuit to recover unpaid overtime wages and other damages from UniversalPegasus International, Inc. (UPI) and Universal Ensco, Inc. (Ensco) (collectively, "Defendants") under the Fair Labor Standards Act (FLSA).

2.      Moreno worked for Defendants as a Safety Inspector.

3.      Defendants did not pay Moreno and its other Inspectors overtime as required by the FLSA.

4.      Instead of paying overtime as required by the FLSA, Moreno and its other Inspectors were paid a flat daily rate for all hours worked in a workweek, including those in excess of 40 in a workweek.

5.      Moreno and the other inspectors regularly work more than 40 hours in a week.

6.      The day rate paid by Defendants did not compensate Moreno and the other inspectors on a salary basis.

7.      This collective action seeks to recover the unpaid overtime wages and other damages owed to these inspectors.

**JURISDICTION AND VENUE**

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

10.     Moreno worked for Defendants in Chambers County, in this District and Division.

**THE PARTIES**

11.     Moreno worked for Defendants from January 2018 until March 2022.

12.     Moreno was a safety inspector for Defendants.

13.     Moreno worked for Defendants in Texas.

14.     Until December of 2021, Moreno was paid a day-rate with no overtime compensation.

15.     In December of 2021, Defendants began to pay Moreno hourly and time and a half for overtime hour worked.

16.     Moreno's day rate was less than the required $455 or $684 salary requirement.

17.     Moreno's consent to be a party plaintiff is attached as Exhibit A.

18.     Moreno brings this action on behalf of herself and all other similarly situated inspectors who were paid by Defendants' day-rate scheme.

19.     Each of these inspectors were paid a flat amount for each day worked and Defendants failed to pay them overtime for hours worked in excess of 40 hours in a workweek in accordance with the FLSA.

20.     Moreno seeks to represent a collective class of similarly situated inspectors under the FLSA.

21.     The FLSA Class is defined as:

> **All inspectors of UPI and Ensco who were paid a day-rate with no overtime in the past 3 years (Putative Class Members).**

2

22.     The Putative Class Members are easily ascertainable from Defendants' business records.

23.   Defendant UPI is a company with its headquarters in Houston, Texas and may be served by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75201.

24.   Defendant Ensco is a Texas corporation which may be served by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75201.

25.   Defendants are joint employers and/or operate as a single enterprise. They share the same officers and directors. They share administrative functions, such as accounting and payroll operations. They share the same website located at https://www.universalpegasus.com/. They share control over hiring, firing, advertising, and overhead decisions. Moreover, the operations of the companies are inter-mingled. That is, they employ the same workers and have the same business purpose - to staff provide pipeline services in the oil and gas industry. Further, the companies share the same clients and customers. Thus, they are jointly and severally liable for the damages asserted in this Complaint.

### COVERAGE UNDER THE FLSA

26.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27.     At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28.     At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce - such as oilfield equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

29.     At all times hereinafter mentioned, Moreno and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

FACTS

30.     Defendants provide inspection services to the energy industry, including pipelines and gas plants among others.

31.     To provide its services, Defendants hire inspectors (like Moreno) to perform inspection work.

32.     Many of these inspectors worked for Defendants on a day-rate basis and make up the proposed Putative Class.

33.     These inspectors perform similar job duties and are subjected to the same or similar illegal pay practices for similar work.

34.     Because of Defendants' day-rate pay practice, Moreno and the Putative Class Members are paid a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek).

35.     Because of Defendants' day-rate pay practice Moreno and the Putative Class Members failed to receive overtime pay for hours that they worked in excess of 40 hours in a workweek.

36.     For example, throughout Moreno's employment with Defendants, she was paid on a day-rate basis.

37.     Moreno and the Putative Class Members normally worked 10 to 12 or more hours a day.

38.     Moreno and the Putative Class Members would regularly work 6 to 7 days a week.

39.     Defendants never guaranteed Moreno and the Putative Class Members a salary.

40.     Defendants never paid Moreno or the Putative Class Members on a salary basis.

41.     Moreno was required to report the days worked to Defendants.

42.     Moreno was staffed by Defendants to Targa Resources and Exxon.

43.     The work Moreno performed was an essential and integral part of Defendants' core business.

44.     Very little skill, training, or initiative was required of Moreno to perform his inspection duties.

45.     Moreno and the Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters.

46.     Moreover, the job functions of Moreno and the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

47.     Moreno and the Putative Class Members did not have any supervisory or management duties and to the extent that they did, they performed those duties on Defendants' behalf.

48.     For the purposes of an FLSA overtime claims, the Putative Class Members performed substantially similar job duties related to inspection services of pipelines.

49.     Moreno performed routine duties that were largely dictated by Defendants and their clients.

50.     Defendants determined Moreno and the Putative Class Members' rates of pay.

51.     The Putative Class Members worked hours similar to Moreno's.

52.     Moreno and the Putative Class Members were W-2 employees of Defendants.

53.     Defendants directly paid Moreno and the Putative Class Members.

54.     The Putative Class Members all performed inspection services for Defendants.

55.     The Putative Class Members were denied overtime by the same illegal pay practice (Defendants' day-rate pay scheme) that resulted in Moreno being denied overtime wages.

56.     Defendants' policy of failing to pay its employees, including Moreno, overtime violates the FLSA because these inspectors are non-exempt.

57.     Defendants knew its inspectors were non-exempt.

58.     Defendants changed their pay practices for their inspectors to hourly and time and a half overtime in December 2021.

59.     Defendants' day-rate scheme violates the FLSA because Moreno and the Putative Class Members did not receive any overtime pay for hours worked over 40 hours each week.

60.     The Putative Class members all worked similar hours and were denied overtime as a result of the same illegal day rate pay plan.

61.     The Putative Class Members regularly worked in excess of 40 hours in a workweek.

62.     Defendants knew Moreno and the Putative Class Members regularly worked more than 40 hours in a week.

63.     Instead of paying the Putative Class Members overtime, they were only paid a flat daily rate for all hours worked, including those in excess of 40 in a workweek.

64.     As a result, Defendants failed to pay the Putative Class Members proper overtime compensation for hours worked in excess of 40 in a workweek.

65.     Defendants knew, or showed reckless disregard for, whether the Putative Class Members were entitled to overtime under the FLSA.

66.     Defendants have been sued for this same day rate pay practice before.

67.     Nonetheless, Moreno and the Putative Class Members were not paid overtime for while working for Defendants.

6

68.     Defendants were aware of the requirements of the FLSA.

69.     Defendants did not investigate the legality of its classification of Moreno and the Putative Class Members as exempt from overtime pay until they changed their pay practice.

70.     Defendants did not review the job descriptions of Moreno and the Putative Class Members.

71.     Defendants did not conduct any time studies of the exempt and non-exempt job duties performed by Moreno and the Putative Class Members until they changed their pay practice.

72.     Defendants did not investigate the legality of its day rate pay practice and whether it constitutes compensation on a salary basis until it changed their pay practice.

73.     Defendants were aware of Moreno's and the Putative Class Members' hours worked.

74.     Defendants were aware Moreno and the Putative Class Members worked in excess of 40 hours in a workweek.

75.     Defendants recklessly disregarded its FLSA obligations by employing Moreno and the Putative Class Members on a day rate basis.

76.     Defendants willfully violated the FLSA.

## FLSA VIOLATIONS

77.     Moreno incorporates the preceding paragraphs by reference.

78.     As set forth herein, Defendants have violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

79.     Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

80.     Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

81.     Defendants knew that a day-rate did not constitute a guaranteed salary.

82.     Defendants changed their day-rate pay practices for its inspectors.

83.     Accordingly, Moreno and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

COLLECTIVE ACTION ALLEGATIONS

84.     Moreno incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Moreno were likewise imposed on the Putative Class Members.

85.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

86.     Numerous other individuals who worked with Moreno indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by the FLSA.

87.     Based on her experiences and tenure with Defendants, Moreno is aware that Defendants' illegal practices were imposed on the Putative Class Members.

88.     The Putative Class Members were all not afforded the overtime compensation when they worked in excess of 40 hours per week.

89.     Defendants' failure to pay wages and overtime compensation at the rates required by law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

90.     Moreno's experiences are therefore typical of the experiences of the Putative Class Members.

91.     The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

92.     Moreno has no interests contrary to, or in conflict with, the Putative Class Members.

93.     Like each Putative Class Member, Moreno has an interest in obtaining the unpaid overtime wages owed to her under the FLSA.

94.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

95.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA.

96.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

97.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the collective and provide for judicial consistency.

98.     The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

      a.     Whether Defendants employed the Putative Class Members within the meaning of the FLSA;

      b.     Whether Defendants' day rate pay scheme meets the salary-basis test;

      c.     Whether Defendants' decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

      d.     Whether Defendants' violation of the FLSA was willful; and

      e.     Whether Defendants' illegal pay practices were applied uniformly to all Putative Class Members.

99.     Moreno's claims are typical of the claims of the Putative Class Members. Moreno and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform classification and compensation policy.

100.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

101.    Therefore, this issue does not preclude collective action treatment.

**JURY DEMAND**

102.    Moreno demands a trial by jury.

**RELIEF SOUGHT**

103.    WHEREFORE, Moreno prays for judgment against Defendants as follows:

a.      For an Order granting Court Ordered Notice be distributed to the Putative Class Members;

b.      For an Order pursuant to FLSA finding Defendants liable for unpaid back wages due to Moreno and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.      For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
Federal ID No. 27157
Richard M. Schreiber
Texas Bar No. 24056278
Federal ID No. 705430
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
Federal ID No. 21615
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**